UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    v.                                        Case No.:  2:20-cr-92-KCD-NPM

KALEB MONTECO JAMES,

    Defendant,
_____/

## ORDER

Before the Court is Defendant Kaleb Monteco James's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. 84.) James, who was 21 years old when he committed the underlying Hobbs Act robbery, has spent the last several years in federal custody. He is asking the Court to reduce his term of imprisonment to 85 months. (*Id.* at 8.) For the reasons that follow, the Court agrees that such a reduction is consistent with the law and principles of justice.

Under 18 U.S.C. § 3582(c)(2), this Court has the authority to reduce a sentence if the defendant was sentenced based on a range that the Sentencing Commission has subsequently lowered. But any reduction must be consistent with the Commission's policy statements and the sentencing

factors set forth in 18 U.S.C. § 3553(a). *See United States v. Estacio*, No. 24-12702, 2025 WL 1355234, at *3 (11th Cir. May 9, 2025).

Part A of Amendment 821 specifically targets "status points"—those extra points added simply because a defendant committed an offense while under a criminal justice sentence. The Commission has determined that these points are often redundant and do not accurately predict recidivism for many offenders. James is exactly the type of person the Commission had in mind. He originally received two status points, which pushed him into Criminal History Category III. Under the new rules, those points vanish, his category drops to II, and his guideline range falls from 57–71 months to 51–63 months. (Doc. 84 at 3.) The Government concedes James is eligible for relief under Amendment 821. (Doc. 86 at 2.)

The Government, nevertheless, opposes any sentence reduction. Its opposition rests on the seriousness of the offense and James's propensity for violence. (*Id.* at 4-5.) To be sure, pointing a semi-automatic rifle at a store clerk is a grave matter. This Court recognized that gravity at the original sentencing by varying upward to 96 months. But a § 3582(c)(2) proceeding is about more than just re-litigating the crime of conviction; it is about looking at the person as they are today. The court "must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct, in evaluating

whether a reduction in the defendant's sentence is warranted and the extent of any such reduction." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009).

James was just 21 when he robbed that convenience store. As the Supreme Court has noted, youth is characterized by "impetuous and ill-considered actions." *Roper v. Simmons*, 543 U.S. 551, 569 (2005). This is not an excuse, but it is a mitigating factor that courts are encouraged to weigh. *See Gall v. United States*, 552 U.S. 38, 58 (2007). By all accounts, James is no longer the impulsive youth who entered that store.

There is also James's post-sentencing rehabilitation. The Court is not just permitted, but encouraged, to consider what a defendant has done with their time in custody. *See, e.g., Concepcion v. United States*, 597 U.S. 481, 493 (2022) ("[F]ederal courts resentencing individuals whose sentences were vacated on appeal regularly consider evidence of rehabilitation developed after the initial sentencing."). James has seemingly spent his time well. He has completed over 52 hours of educational programming and a drug education course. (Doc. 84 at 6.) While his disciplinary record isn't spotless—he has had minor infractions for things like unauthorized area and cell phone possession—he has not had a single report in over eight months. (*Id.* at 2.)

The Government stresses that the original 96-month sentence remains necessary to protect the public. (Doc. 86 at 4.) Yet the defense is not seeking

immediate release. They are asking for an 85-month sentence. This still represents a 22-month upward variance from the top of the *new* guideline range. This modest reduction respects the Court's original finding that the offense was serious, while also acknowledging the Commission's directive to reduce the weight of past status points.

An 85-month sentence is sufficient to reflect the gravity of the Hobbs Act robbery, promote respect for the law, and provide just punishment while acknowledging James's rehabilitative efforts and the diminished culpability associated with his youth at the time of the crime. It is therefore **ORDERED** that the Opposed Motion for Sentence Reduction Under Amendment 821 is **GRANTED**. James's term of imprisonment is reduced to **85 months**. All other components of the original sentence remain in effect.

**ENTERED** in Fort Myers, Florida on January 5, 2026.

Kyle C. Dudek
United States District Judge